# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEVEN BUTLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA; CRAIG KOENIG, Warden of CTF,<br><br>　　　　　　　　　　Defendants. | Case No. 18-cv-00884-BAS-KSC<br><br>**ORDER DENYING MOTION TO VACATE VOID JUDGMENT**<br><br>**(ECF No. 6)** |

On May 7, 2018, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"), challenging his 2002 conviction in state court. (ECF No. 1.) The Court summarily dismissed the Petition on the basis that Petitioner had challenged this same conviction in this Court in 2006, which was denied on the merits, and had not shown that the Ninth Circuit Court of Appeals granted him leave to file a successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A). (ECF No. 3 at 2.) The Court dismissed the action without prejudice and directed the Clerk to send Petitioner a blank Application for Leave to File a Second or Successive Petition with a copy of the order. (*Id.*)

Presently before the Court is Petitioner's Motion to Vacate Void Judgement Under Federal Rule 60(b)(4) ("Motion"). (ECF No. 6.) In the instant Motion, Petitioner states that no sworn affidavit supported by probable cause accompanied the warrant issued for his arrest in 2000, and consequently "the resulting trial, conviction, and judgment" in state

court are "the fruit of [a] magistrate acting without judicial power . . . ." (Mot. at 2 ,8.) Couching his argument in terms of the § 2254 standard, he argues that because no affidavit of personal knowledge accompanied the warrant, he was deprived of due process and the lower court's findings should be found "void ab initio" and therefore unreasonable or contrary to law. (*Id.* at 6–7, 14–15.)

Petitioner's Motion appears to restate the claims and rehash the arguments made in his initial Petition. (*Compare* Mot. at 1–2 *with* Pet. at 12–27.) He again challenges the same 2002 conviction—which was previously adjudicated on a habeas petition in 2006—on the basis that the state court did not have jurisdiction to act. (*Id.*) The Motion therefore constitutes yet another successive petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). However, Petitioner has again failed to demonstrate that he has obtained permission to file a successive petition from the Ninth Circuit. The statute is clear that this is a prerequisite for filing a successive petition with the district court. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly, the Court **DENIES** Petitioner's Motion (ECF No. 6). This case shall remain closed. Any further attempts by Petitioner to challenge his 2002 state court conviction will not be accepted by the Court unless and until Petitioner obtains the necessary order from the Ninth Circuit authorizing this Court to consider the application.

**IT IS SO ORDERED.**

**DATED: September 29, 2020**

Hon. Cynthia Bashant
United States District Judge